## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES EZELL, | ) |
| | ) |
|      Petitioner, | ) |
| | ) |
| v. | )   Case No. CIV-20-226-G |
| | ) |
| SCOTT CROW, | ) |
| | ) |
|      Respondent.[1] | ) |

## ORDER

This matter is before the Court for review of the Report and Recommendation ("R. & R.") (Doc. No. 32) issued by Magistrate Judge Suzanne Mitchell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Petitioner James Ezell, a state prisoner appearing pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241 with respect to disciplinary proceedings occurring at James Crabtree Correctional Center ("JCCC") on May 3, 2018. In her R. & R., Judge Mitchell recommends that the Court grant summary judgment in Respondent's favor.[2] *See* R. & R. at 1. Petitioner has filed an Objection to the R. & R.[3] *See* Doc. Nos.

---

[1] The record reflects that Petitioner is currently housed at Davis Correctional Facility ("DCF"), a privately operated prison in Holdenville, Oklahoma. Accordingly, Scott Crow, the current Director of the Oklahoma Department of Corrections, is hereby substituted as Respondent in this proceeding. *See* R. 1(b), 2(a), R. Governing § 2254 Cases in U.S. Dist. Cts.

[2] Respondent filed a Motion to Dismiss (Doc. No. 19) on September 22, 2020. The Magistrate Judge construed the Motion as a request for summary judgment due to the multiple exhibits attached to the Motion. Petitioner did not oppose this construction in his Objection to the R. & R.

[3] Though Petitioner's Objection was untimely, Petitioner filed a motion on February 19, 2021, that the Court liberally construes as a request to accept his Objection out of time. *See* Doc. Nos. 34, 35. Having considered Petitioner's request, the Court grants the motion and accepts Petitioner's Objection as timely filed. Petitioner also filed a document styled

34, 36.  Accordingly, the Court determines de novo those portions of the R. & R. to which a specific objection is made.  *See, e.g.*, *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

BACKGROUND

On May 3, 2018, JCCC officer Lieutenant Parks submitted an Incident Report stating that while he was attempting to place Petitioner in hand restraints, Petitioner "threw a cup of urine and feces at [Parks] that landed on [Parks'] hands and pant legs."  Resp't Mot. (Doc. No. 19) at 17-18.  That same day, Petitioner signed and dated an Offense Report notifying him of this allegation.  *Id.* at 17.  Petitioner marked that he had "received a copy of the written charge against [him]" and was "plead[ing] guilty and waiv[ing] [his] right to an appeal."  *Id.*  Petitioner additionally signed a Disciplinary Disposition Report dated May 3, 2018, in which he marked and initialed the finding of guilt and stated that he understood that he was waiving the opportunity to appeal the case.  *See id.* at 19.  The Disciplinary Disposition Report notes that Petitioner received a $20.00 fine, a canteen restriction of 180 days, and a loss of 30 earned time credits.  *See id.*  Petitioner later attempted to appeal the determination but was found ineligible due to his plea of guilty.  *See id.* at 22.

In his Petition for relief under 28 U.S.C. § 2241, Petitioner claims that the disciplinary proceedings violated his due process rights because (1) he never received the Offense Report, (2) a prison official forged Petitioner's signatures on the Reports, thus denying him notice and the opportunity for an investigation and hearing, and (3) the

---

as a Motion to Take Judicial Notice, which the Court liberally construes as a supplement to his Objection.  *See* Doc. No. 36.

disciplinary hearing coordinator, should not have been involved in the investigation or prosecution of the case.[4]  *See* Am. Pet. (Doc. No. 16) at 1-5.  Petitioner also alleges that the disciplinary proceedings improperly resulted in his transfer from a "medium security placement to [a] super maximum security placement at [DCF]."  *Id.* at 2.  In her R. & R., the Magistrate Judge found that Petitioner's due process rights had not been violated and that summary judgment in Respondent's favor was therefore appropriate.

   To satisfy the "minimum requirements of procedural due process in a prison disciplinary proceeding," an inmate must receive

> "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action."  There must also be "some evidence in the record" supporting the findings of the prison disciplinary board.  This is all the process that is required.  "Ascertaining whether the some-evidence standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."  A disciplinary board's decision can be upheld by a reviewing court even if the evidence supporting the decision is meager.

*Longstreth v. Franklin*, 240 F. App'x 264, 267 (10th Cir. 2007) (alteration, citations, and

---

[4] Petitioner also claims that the disciplinary proceedings violated prison policies.  However, prison "regulations themselves do not create an enforceable procedural right."  *Estate of DiMarco v. Wyo. Dep't of Corr.*, 473 F.3d 1334, 1341 (10th Cir. 2007).  Thus, the failure of a correctional facility to follow its regulations does not independently create a cognizable claim for federal habeas relief.  *See Edwards v. Ward*, No. CIV-05-512-M, 2006 WL 3692539, at *3 (W.D. Okla. Dec. 13, 2006).  Instead, the Court's review of Petitioner's disciplinary proceeding is "limited to whether the three steps mandated by *Wolff* [*v. McDonnell*, 418 U.S. 539 (1974),] were followed and whether there was some evidence to support the disciplinary [hearing officer's] findings."  *Mitchell v. Maynard*, 80 F.3d 1433, 1445 (10th Cir. 1996).

internal quotation marks omitted) (quoting *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454-56 (1985)).

The Offense Report and the Disciplinary Disposition Report reflect that Petitioner was notified of the charge against him, pled guilty to that charge, and waived the right to an appeal. *See* Resp't Mot. at 17, 19. Petitioner, however, argues (liberally construing the Objection) that factual disputes remain as to whether he was provided notice of the disciplinary charge and whether officials forged Petitioner's guilty plea and signatures in relation to those charges.

The materials submitted by Respondent show that Petitioner's signatures on the Offense Report and the Disciplinary Disposition Report are substantially similar to his signatures on other documents. *See, e.g.*, Am. Pet. at 7; Resp't Mot. at 15, 20, 33, 35, 36. Further, an ODOC correctional security manager submitted an affidavit attesting that he personally "witnessed [Petitioner] enter a voluntary plea of guilty . . . as evidenced by his signature on the offense report and disciplinary disposition report" and that he "did not forge [Petitioner's] signature or mark guilty on his behalf on any misconduct records related to his May 3, 2018 misconduct." Resp't Mot. at 43-44. As support for his position, Petitioner provides an affidavit reeasserting his claims, *see* Doc. No. 26, at 10-12, but no other document or testimony that would suggest the possibility of forgery.

An affidavit is insufficient to create a genuine factual dispute if it is "conclusory and self-serving." *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991). Here, Petitioner's affidavit is replete with unsupported conclusions and self-serving assertions and is therefore insufficient to defeat summary judgment. *See* Fed. R. Civ. P. 56(c), (e); *see also*

4

*Longstreth*, 240 F. App'x at 267 (rejecting argument "that corroborating evidence" from the disciplinary officials "is necessary" when a prisoner "contests the credibility of the report"); *Gwinn v. Awmiller*, 354 F.3d 1211, 1220 (10th Cir. 2004) (explaining that "honesty and integrity are presumed on the part of a [disciplinary] tribunal" (internal quotation marks omitted)).

Absent a genuine question of fact as to validity of the signatures, it is plain that Petitioner's due process claim fails. Petitioner's guilty plea and attendant signatures on the Offense Report and Disciplinary Disposition Report unquestionably provide "some evidence" to support the finding of guilt. *See Hill*, 472 U.S. at 454. And Petitioner provides no argument or authority suggesting that his guilty plea did not operate as a waiver of his "opportunity . . . to call witnesses and present documentary evidence in his defense." *Id.*; *see Wilcox v. Aleman*, 3 F. App'x 920, 922 (10th Cir. 2001) (noting that "[a] prisoner may waive the right to call witnesses" in disciplinary proceedings).

The Magistrate Judge also rejected Petitioner's argument that his due process rights were violated by any official's involvement in the investigation and prosecution of his disciplinary case. *See* R. & R. at 9 n.9. Though Petitioner's argument on this point lacks clarity, the Court liberally construes the Petition and Objection as arguing that Respondent was not an impartial decisionmaker. Petitioner appears to suggest that the disciplinary hearing coordinator was precluded under *Wolff*, 418 U.S. 539, from serving as an investigator or prosecutor in Petitioner's case. *See* Pet'r Obj. (Doc. No. 34) at 7, 9; Obj. Suppl. (Doc. No. 36) at 2-3. Petitioner cites Justice Marshall's statement in his partial concurrence that "in [his] view due process is satisfied as long as no member of the

5

disciplinary board has been involved in the investigation or prosecution of the particular case." *Wolff*, 418 U.S. at 592 (Marshall, J., concurring in part and dissenting in part).  First, this view was not directly adopted by the majority, which instead determined that to satisfy due process, the committee conducting the hearing must be impartial such that there is no "hazard of arbitrary decisionmaking."  *Id.* at 571 (majority opinion).  Second, because Petitioner chose to plead guilty rather than pursue a hearing, the "investigation or prosecution" contemplated by Justice Marshall is inapplicable here.  Third, and most critically, Petitioner has supplied no evidence from which a reasonable factfinder could conclude that the relevant officials acted in a biased or arbitrary manner.

As to Petitioner's claim that his constitutional rights were violated by his transfer to a state "supermax" prison, the Magistrate Judge found that the facility to which Petitioner was transferred following the May 3, 2018 incident is a medium-security facility.  *See* R. & R. at 2 n.3.  Petitioner did not specifically object to this finding.  And while Petitioner cited authority in support of the proposition that inmates have a Fourteenth Amendment liberty interest in avoiding assignment to a state's "supermax" prison, the cited case involves a challenge to conditions of confinement brought under 42 U.S.C. § 1983, not a request for habeas relief.  *See* Pet'r Obj. at 1-2 (citing *Wilkinson v. Austin*, 545 U.S. 209 (2005)).

CONCLUSION

Accordingly, the Report and Recommendation (Doc. No. 32) is ADOPTED.  The Court finds that Respondent is entitled to summary judgment and GRANTS Respondent's

Motion (Doc. No. 19).  The Amended Petition for Writ of Habeas Corpus (Doc. No 16) is DENIED.  A separate judgment shall be entered.

Petitioner's Motion for Extension of Time (Doc. No. 35) is GRANTED. Petitioner's Motion to Take Judicial Notice (Doc. No. 36) is GRANTED to the extent that the Court has considered the Motion as a supplement to Petitioner's objection.  Petitioner's remaining motions (Doc. Nos. 27, 28, 29, 30) are DENIED AS MOOT.

Rules 1(b) and 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts require the Court to issue or deny a certificate of appealability when it enters a final order adverse to a petitioner.  A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Upon review, the Court concludes that the requisite standard is not met in this case. Thus, a certificate of appealability is DENIED.

IT IS SO ORDERED this 28th day of September, 2021.

CHARLES B. GOODWIN
United States District Judge