UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES EZELL, | ) |
|     Petitioner, | ) ) ) |
| v. | )    Case No. CIV-20-226-G ) |
| CASEY HAMILTON, | ) ) |
|     Respondent. | ) |

## ORDER

Petitioner James Ezell, a state prisoner, filed this action seeking federal habeas corpus relief under 28 U.S.C. § 2241. *See* Am. Pet. (Doc. No. 16). In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Suzanne Mitchell for preliminary review.

### I.  Background

On May 3, 2018, while Petitioner was housed at James Crabtree Correctional Center ("JCCC"), Petitioner was charged with the offense of "throwing bodily fluids on staff." R. & R. (Doc. No. 65) at 2; *see* Resp't's Ex. 2, Consol. R. Card (Doc. No. 60-2) at 3. Prison officials disciplined Petitioner for the offense by "impos[ing] a $20.00 fine, canteen restriction of 180 days[,] and [a] loss of earned credits . . . that resulted in transfer from medium security placement to super maximum security placement." Am. Pet. at 2.

Petitioner then filed this habeas action pro se, alleging that he was deprived of procedural due process rights in connection with the disciplinary proceedings. *See id.* at 2-5. Specifically, Petitioner asserted that he did not receive the written offense report and

that his signature upon that report, which purported to acknowledge receipt and waive his right to appeal, was falsified. *See id.*; *see also Ezell v. Crow*, No. 21-6135, 2022 WL 3108803, at *1-2 (10th Cir. Aug. 4, 2022).

Respondent, Warden Casey Hamilton, moved to dismiss the Amended Petition, representing that "[o]n May 9, 2023, Petitioner's . . . Misconduct, for Throwing Bodily Fluids, was dismissed and expunged" by the Oklahoma Department of Corrections ("ODOC"). Resp't's Mot. to Dismiss (Doc. No. 60) at 3. In addition, "Petitioner's credit level was ordered to be restored, and any restitution or fines imposed were ordered to be refunded." *Id.* (citing Resp't's Ex. 1, ODOC Directive (Doc. No. 60-1); Consol. R. Card). Therefore, according to Respondent, Petitioner's habeas claim is now moot, depriving this Court of jurisdiction to proceed further. *See id.* at 3-7.[1]

Petitioner, appearing through appointed counsel, responded in opposition (Doc. No. 64).

II.     *The Report and Recommendation*

On November 30, 2023, Judge Mitchell issued a Report and Recommendation ("R. & R.," Doc. No. 65) addressing Petitioner's request for habeas relief and Respondent's Motion. In the R. & R. Judge Mitchell thoroughly outlined the factual and procedural background of this matter. *See id.* at 2-4. After considering the parties' arguments, Judge

---

[1] When, as here, the movant challenges not just the petitioner's "allegations of jurisdiction but also the facts underlying those allegations," the court has "wide discretion" to consider evidence outside the pleadings on that issue. *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1295-96 (10th Cir. 2003) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 12(b)(1), 81(a)(4).

Mitchell agreed with Respondent that this matter is now moot and recommended dismissal on that basis. *See id.* at 6-11.

Through his counsel, Petitioner filed a timely Objection to the R. & R. (Doc. No. 69). Respondent did not respond to the Objection. Pursuant to controlling authority, the Court reviews de novo the portions of the R. & R. to which specific objections have been made. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Having conducted this de novo review, the Court finds as follows.

   III.   *Discussion*

"Article III of the United States Constitution only extends federal judicial power to cases or controversies." *United States v. Meyers*, 200 F.3d 715, 718 (10th Cir. 2000). "A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1 (1998)).

> As noted by the Supreme Court, Article III's case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a "personal stake in the outcome" of the lawsuit. This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.

*Id.* (omission in original) (citation and internal quotation marks omitted).

"Mootness . . . is a fundamental bar to judicial review that must be accounted for at all stages of a proceeding" "and applies in habeas as in any other type of litigation." *Miller v. Glanz*, 331 F. App'x 608, 610 (10th Cir. 2009). "[A]n issue becomes moot when it

3

becomes impossible for the court to grant any effectual relief whatsoever on that issue to a prevailing party." *Dumas v. U.S. Parole Comm'n*, 397 F. App'x 492, 493 (10th Cir. 2010) (internal quotation marks omitted).

As a remedy under § 2241 for the alleged due process violation, Petitioner sought: (1) restoration of any lost good-time credits; (2) expungement of the misconduct offense; (3) "[i]mmediate placement back at medium security"; (4) "submission of a new plan by prison authorities to ensure prison official[s] will be held accountable [for] violations that intentional[ly] deny due process"; (5) damages for the civil rights violations connected with the improper disciplinary proceedings; and (6) Petitioner's legal costs. Am. Pet. at 6.

As correctly found in the R. & R., ODOC's dismissal and expungement of the misconduct has provided Petitioner with the first two of his requested items of relief. *See* R. & R. at 6; Consol. R. Card at 3, 7.[2] As to the third, Petitioner is currently housed at a medium-security facility. R. & R at 2 n.5, 6. Petitioner did not address his fourth request in connection with the Motion or R. & R. And neither damages nor costs are available through a habeas corpus action. *See id.* at 6 n.6, 10; *Brunner v. Wyo. Dep't of Corr.*, No. 22-8055, 2023 WL 2733472, at *1 (10th Cir. Mar. 31, 2023) ("[D]amages are not an available remedy in habeas."); *Crosby v. Cillio*, No. 23-1100, 2023 WL 4446351, at *2 (10th Cir. July 11, 2023) ("[H]abeas petitioners can't recover fees and costs associated with litigation.").

---

[2] Petitioner also requested "expungement of any and all misconduct received after May 3, 2018." Am. Pet. at 6. Petitioner has been disciplined for other misconduct occurring after May 3, 2018, but these disciplinary actions have not been challenged here and are not properly before the Court. *See* Consol. R. Card at 3.

4

Petitioner objects that this matter is not moot because he is subject to "secondary or collateral injuries" despite the misconduct having been set aside. *Riley v. INS*, 310 F.3d 1253, 1257 (10th Cir. 2002); *see* Pet'r's Obj. at 1. The Objection states that Petitioner "maintain[s]" that his security designation is "tied" to the May 3, 2018 misconduct and Petitioner's challenge to that misconduct. Pet'r's Obj. at 1. Petitioner relatedly attests that "prisoners that challenge disciplinary procedures are threaten[ed] with" being designated as part of a "Security Threat Group," which can affect housing placement. Pet'r's Aff. ¶ 4 (Doc. No. 26); *see also* Pet'r's Resp. at 6. Such "vague and conclusory" propositions are insufficient for Petitioner to meet his burden to establish ongoing collateral consequences from this particular misconduct, which must be proved rather than presumed. *Fratis v. Ortiz*, 190 F. App'x 686, 688 (10th Cir. 2006); *see Spencer*, 523 U.S. at 8 (explaining that there must be "some concrete and continuing injury" "if the suit is to be maintained"); *cf. Mosier v. Maynard*, 937 F.2d 1521, 1523 (10th Cir. 1991) (noting that counsel's "[f]actual statements . . . do not constitute summary judgment evidence").

Here, Petitioner has "received the precise remedy he has requested: that his disciplinary conviction be overturned" and expunged from his record. *Veal v. Jones*, 349 F. App'x 270, 272 (10th Cir. 2009). "Thus, even assuming that [Petitioner's] procedural due process rights were violated by" the misconduct proceedings, "his claim is now moot." *Id.*; *see also Spencer*, 523 U.S. at 18 ("We are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong."). And Petitioner's request for an evidentiary hearing must be denied, as the Court may not "give opinions upon moot questions" or "declare principles or rules of law which cannot affect

5

the matter in issue in the case before it." *Mills v. Green*, 159 U.S. 651, 653 (1895).

CONCLUSION

For all these reasons, the Report and Recommendation (Doc. No. 65) is ADOPTED in its entirety. Respondent's Motion to Dismiss (Doc. No. 60) is GRANTED. The Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. No. 16) is DISMISSED WITHOUT PREJUDICE. A separate judgment shall be entered.

Rules 1(b) and 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Further, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Upon review, the Court finds that the requisite standard is not met in this case. A certificate of appealability is DENIED.

IT IS SO ORDERED this 4th day of March, 2024.

*[signature: Charles B. Goodwin]*

CHARLES B. GOODWIN
United States District Judge